# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY A. CHANDLER, | No. 2:14-CV-1753-GEB-CMK-P |
| Petitioner, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| J. McCOVER, | |
| Respondent. | |
| _____/ | |

Petitioner, a state prisoner proceeding pro se, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's motion to dismiss (Doc. 13).

In his petition, petitioner raises one claim – that the state court committed errors of state law with respect to prior convictions and sentencing. Specifically, petitioner claims that the state court misapplied the California Three Strikes Reform Act of 2012 in denying resentencing in April 2013. Respondent argues that this claim is not cognizable on federal habeas review. The court agrees.

/ / /

/ / /

1    A writ of habeas corpus is available under 28 U.S.C. § 2254 only on the basis of a
2 transgression of federal law binding on the state courts.  See Middleton v. Cupp, 768 F.2d 1083,
3 1085 (9th Cir. 1985); Gutierrez v. Griggs, 695 F.2d 1195, 1197 (9th Cir. 1983).  It is not
4 available for alleged error in the interpretation or application of state law.  Middleton, 768 F.2d at
5 1085; see also Lincoln v. Sunn, 807 F.2d 805, 814 (9th Cir. 1987); Givens v. Housewright, 786
6 F.2d 1378, 1381 (9th Cir. 1986).  Habeas corpus cannot be utilized to try state issues de novo.
7 See Milton v. Wainwright, 407 U.S. 371, 377 (1972).

8    In this case, petitioner's claim relates to the manner in which petitioner's sentence
9 was determined under state law.  Similar claims have been found to be non-cognizable.  "The
10 decision whether to impose sentences consecutively or concurrently is a matter of state criminal
11 procedure and is not within the purview of federal habeas corpus."  Cacoperdo v. Demosthenes,
12 37 F.3d 504, 507 (9th Cir. 1994); see also Markey v. Brown, 2008 WL 552438 (E.D. Cal. May 7,
13 2008).  Similarly, whether a prior offense constitutes a "strike" under California's repeat offender
14 law is not cognizable on federal habeas review.  See Miller v. Vasquez, 868 F.2d 1116, 1118-19
15 (9th Cir. 1989) (holding that whether a prior conviction constitutes a "strike" under California
16 Penal Code § 667(a) is a question of state law and does not state a federal question); see also
17 Cooper v. Supreme Court of California, 2014 WL 198708 (C.D. Cal. Jan. 16, 2014) (rejecting
18 petitioner's due process challenge to state court's denial of application for resentencing under the
19 California Three Strikes Reform Act).

20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1  Based on the foregoing, the undersigned recommends that respondent's motion to dismiss (Doc. 13) be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of objections.  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  February 12, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE